FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2009 FEB 18 PM 1:32
CLERK_____
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JOSE R. MORAN, | ) |
| Petitioner, | ) |
| v. | ) CV 308-114 |
| WALT WELLS, Warden, | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("McRae") in McRae, Georgia, brought the captioned petition under 28 U.S.C. § 2241. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED**.[1]

### I. BACKGROUND

Petitioner was convicted in the United States District Court for the Northern District of Illinois of a drug offense; he was sentenced on March 1, 2005, to 120 months of imprisonment and 5 years of supervised release. (Doc. no. 1, pp. 1-2). Petitioner asserts that he is a deportable immigrant, and as a result, he is subject to a more severe sentence than a United States citizen who has committed the same offense. (Id. at 6).

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

The Bureau of Prisons ("Bureau") has assigned Petitioner to MCF.[2] Petitioner asserts in his § 2241 petition that he was assigned to MCF because of his alienage and that a "diversity of conditions" exists between MCF and any other federal correctional facility to which he might have been assigned. From the context of the petition, it appears that the Bureau of Immigration and Customs Enforcement ("BICE") has issued a detainer on Petitioner, which will culminate in deportation proceedings at the conclusion of his prison sentence. Specifically, Petitioner claims that, at MCF, he is not allowed to participate in a Residential Drug Abuse Treatment Program because he is a deportable immigrant. (Id.). Therefore, Petitioner cannot avail himself of the one-year drug program credit. (Id.). Petitioner concludes that he is "being subjected to serve a longer prison sentence than an American drug offender, which is unfair and [] violates the execution process of [his] sentence." (Id.).

## II. DISCUSSION

Petitioner's § 2241 petition does not challenge the fact or duration of his confinement. Instead, notwithstanding his contention that his sentence could be shorter, Petitioner challenges his ineligibility to participate in drug treatment programs, which relate to the conditions and circumstances of his confinement at MCF. The sole function of habeas corpus, however, "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979), revised by 596 F.2d 658 (5th Cir. 1979).[3] "Habeas corpus is not available to prisoners complaining only of mistreatment

---

[2] MCF is a private correctional facility operated by the Corrections Corporation of America under contract with the Bureau.

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

2

during their legal incarceration." Id. To the extent that a petitioner seeks relief from the conditions of his confinement, such relief "is in the form of equitably imposed restraint, not freedom from otherwise lawful incarceration." Id.; accord Stevens v. Heard, 674 F.3d 320, 323 (5th Cir. 1982).

The factual allegations raised in the instant petition challenge the conditions, rather than the fact or duration, of Petitioner's confinement. Such allegations may be appropriate in a civil rights complaint filed pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), but do not state cognizable grounds for relief in a § 2241 petition. Accordingly, the petition should be dismissed for failure to allege grounds on which § 2241 relief may be granted.

The Court also notes that Petitioner has not alleged that he has exhausted his administrative remedies in this case. The failure of a prisoner to exhaust his administrative remedies prior to filing a complaint or petition in federal court bars a court from granting relief under such a complaint or petition. 42 U.S.C. § 1997e(a); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*). The Eleventh Circuit has held that perceived futility of exhaustion does not excuse a prisoner from pursuing administrative relief before filing a civil complaint in federal court. E.g., Higginbottom v. Carter, 223 F.3d 1260, 1261 (11th Cir. 2000) (*per curiam*).[4] Thus, even if Petitioner had brought the instant claims in a Bivens complaint or if

---

[4]While the Eleventh Circuit has not explicitly ruled that the futility exception is inapplicable to habeas petitions, Petitioner in this case has not shown the sort of extraordinary circumstances or patent futility in pursuing administrative relief that would excuse exhaustion even if the futility exception were applicable. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (holding futility exception in habeas cases only applicable in "extraordinary circumstances" where petitioner illustrates patent futility); see also Jaimes v.

3

his claims were cognizable under § 2241, he would not be entitled to relief because of his failure to exhaust his administrative remedies through the MCF grievance procedures.[5]

That said, the Court recognizes that other courts have allowed federal prisoners to bring similar claims in § 2241 petitions. See, e.g., United States v. Tamayo, No. 04-2307, 162 Fed. App'x 813, 815, 2006 WL 52792, at *2 (10th Cir. Jan. 11, 2006) (considering alien's "equal protection" challenge to "execution" of his sentence under § 2241 without assessing whether claim was exhausted). However, Petitioner's claims lack merit on their face. First of all, Petitioner has no due process liberty interest in early release. See, e.g., Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998). Furthermore, a prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility. McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum v. Fano, 427 U.S. 215, 225 (1976). Courts have also held that a prisoner has no constitutional liberty interest in early release, Wottlin, 136 F.3d at 1036; no constitutionally protected interest in rehabilitative programs, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); and no "equal protection" interest in eligibility for assignment to halfway houses, McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999).

Furthermore, Petitioner's argument that aliens are categorically denied participation

---

United States, No. 05-14514, 168 Fed. App'x 356, 359, 2006 WL 387440, at *2 (11th Cir. Feb. 21, 2006) (*per curiam*) (observing that whether habeas petitioner "may even assert a futility exception to the [exhaustion] requirement is questionable").

[5]Even if Petitioner had exhausted his administrative remedies before filing under Bivens, he still might not be entitled to relief in federal court. See Alba v. Montford, 517 F.3d 1249, 1254 (11th Cir. 2008); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir.) (quoting Bivens, 403 U.S. at 389), cert. denied, 547 U.S. 1168 (2006) (holding that prisoner in private federal facility not entitled to Bivens relief when adequate state remedies available).

in drug abuse treatment programs is also misleading. The Bureau does not deny aliens participation in substance abuse treatment programs; rather, the Bureau denies aliens subject to BICE detainers consideration for early release on account of their completion of a residential drug abuse treatment program.[6] See 28 C.F.R. § 550.58(a)(1)(i). Of note, the Bureau clearly possesses the power to categorically exclude inmates from consideration for early release. See Lopez v. Davis, 531 U.S. 230, 239-44 (2001) (upholding a Bureau regulation categorically excluding, based upon its general discretion under the statute to grant or deny early release, prisoners convicted of otherwise nonviolent offenses that involved use of a firearm). Additionally, the Bureau may aim such an exclusion at deportable aliens if it has a rational basis for its decision. See Mathews v. Diaz, 426 U.S. 67, 77 (1976).

That said, Petitioner's ineligibility for sentence reduction is actually a consequence of the "detainer exclusion" explained above. The Bureau does not allow inmates who are ineligible for community-based treatment to receive consideration for early release--irrespective of whether they complete a substance abuse treatment program. 28 C.F.R. § 550.58(a)(1)(v). As previously noted, all inmates with detainers--not just deportable aliens--fall into this category. The Bureau's decision to link consideration for early release with eligibility for community-based treatment is rational and has been upheld by every court to consider the issue. See, e.g., Rublee v. Fleming, 160 F.3d 213, 215-18 (5th Cir. 1998).

---

[6]The Bureau's use of BICE detainers in deciding prisoners' eligibility for prison programs and early release does not offend equal protection principles. Of note, courts have routinely upheld the Bureau's consideration of BICE detainers in making classification decisions regarding inmates, including such issues as security level and eligibility for prison programs. The "detainer exclusion," which is based upon the rationale that prisoners with detainers pose an increased flight risk, does not single out aliens and does not violate the Equal Protection Clause. McLean, 173 F.3d at 1185.

5

Finally, as one court has explained:

> The [Bureau] does not act in violation of Fifth Amendment equal protection standards in providing programs for prisoners who have a lawful right to remain in the country, whose rehabilitation is of interest to this country and the policy of this society, and in not providing programs for deportable aliens who have no right to be in the country and whom Congress has an interest in deterring from entering or returning. . . . There is no equal protection violation in different treatment of aliens as to rehabilitation and other programs. The United States may treat deportable aliens and citizens differently. There is no primary interest in reformation of deportable persons. That's an interest of the country to which they may be deported. Deterring further illegal reentry is a legitimate interest of the United States as well as saving expenses. Also, special security may be justified to avoid flight to the border. In the case of American citizens, or lawful residents, reformative programs are a worthy correctional consideration.

Ruiz-Loera v. United States, No. 00-CV-323-K, 2000 WL 33710839, at *2 (D. Utah June 23, 2000)(citations omitted); see also Tamayo, 162 Fed. App'x at 816, 2006 WL 52792, at *3 ("[T]here is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement.").

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the petition filed pursuant to 28 U.S.C. § 2241 be **DISMISSED** and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 18th day of February, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE